## RECORD NO. 12-4943

In The

# United States Court Of Appeals
## For The Fourth Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

# REGGIE LEE WIMBUSH,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE**

_____

## BRIEF OF APPELLANT

_____

**Henderson Hill, Executive Director**
**FEDERAL DEFENDERS OF**
  **WESTERN NORTH CAROLINA, INC.**

**Ann L. Hester**
*Counsel of Record*
**Assistant Federal Defender**
**129 West Trade Street**
**Suite 300**
**Charlotte, NC  28202**
**(704) 374-0720**

*Counsel for Appellant*

# <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

TABLE OF AUTHORITIES ................................................................... iii

JURISDICTIONAL STATEMENT ..........................................................1

STATEMENT OF THE ISSUE..................................................................1

STATEMENT OF THE CASE....................................................................1

STATEMENT OF FACTS ...........................................................................2

    I.    The Offense Conduct ............................................................2

    II.   Wimbush's Sentencing Hearing............................................3

SUMMARY OF ARGUMENT ...................................................................5

ARGUMENT ..............................................................................................5

    I.    The District Court Committed Procedural Sentencing Error by Failing to Consider All of Wimbush's Arguments for a Downward Variance...................................................................6

        A.    Standard of Review.................................................6

        B.    The Sentencing Court Must Respond to a Defendant's Arguments Concerning the § 3553(a) Factors............................7

        C.    The District Court Failed to Address Wimbush's Argument That His History of Gainful Employment and Education Justified a Downward Variance Sentence .................9

CONCLUSION .........................................................................................10

REQUEST FOR ORAL ARGUMENT ....................................................10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## <u>TABLE OF AUTHORITIES</u>

<u>PAGE(S)</u>

<u>CASES:</u>

*Gall v. United States*,
    552 U.S. 38 (2007)...............................................................................6, 7, 8

*Kimbrough v. United States*,
    552 U.S. 85 (2007)......................................................................................5

*Rita v. United States*,
    551 U.S. 338 (2007)............................................................................*passim*

*United States v. Ausburn*,
    502 F.3d 313 (3d Cir. 2007) ......................................................................8

*United States v. Carter*,
    564 F.3d 325 (4th Cir. 2009) .................................................................6, 7

*United States v. Diosdado-Star*,
    630 F.3d 359 (4th Cir. 2011) .................................................................5, 7

*United States v. Gary*,
    613 F.3d 706 (7th Cir. 2010) ......................................................................8

*United States v. Heath*,
    559 F.3d 263 (4th Cir. 2009) ......................................................................7

*United States v. Lynn*,
    592 F.3d 572 (4th Cir. 2010) .........................................................7, 8, 9, 10

## STATUTES:

18 U.S.C. § 641 ...................................................................................................1

18 U.S.C. § 1028A ...............................................................................................1

18 U.S.C. § 1028(a)(7) .........................................................................................1

18 U.S.C. § 1341 ...................................................................................................1

18 U.S.C. § 1343 ...................................................................................................1

18 U.S.C. § 3231 ...................................................................................................1

18 U.S.C. § 3553 ...................................................................................................7

18 U.S.C. § 3553(a) ....................................................................................*passim*

18 U.S.C. § 3553(a)(2) ......................................................................................6, 9

18 U.S.C. § 3553(c) ..........................................................................................6, 7

18 U.S.C. § 3742 ...................................................................................................1

28 U.S.C. § 1291 ...................................................................................................1

## JURISDICTIONAL STATEMENT

Reggie Lee Wimbush appeals from a sentence entered on November 7, 2012, in the United States District Court for the Western District of North Carolina. JA 69-75. Wimbush timely appealed on November 21, 2012. JA 76. This Court has jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. The district court had jurisdiction under 18 U.S.C. § 3231.

## STATEMENT OF THE ISSUE

Was Wimbush's sentence procedurally unreasonable sentence because the district court failed to consider Wimbush's arguments for a downward variance?

## STATEMENT OF THE CASE

On July 15, 2011, the government filed a criminal Complaint alleging that Wimbush participated in a wire fraud scheme involving unemployment benefits from May 2009 to July 2011. JA 8-14. On August 17, 2011, the grand jury for the Western District of North Carolina returned a five-count indictment against Wimbush charging him with wire fraud in violation of 18 U.S.C. § 1343; mail fraud in violation of 18 U.S.C. § 1341; theft of public money, in violation of 18 U.S.C. § 641; identity fraud, in violation of 18 U.S.C. § 1028(a)(7); and aggravated identity theft, in violation of 18 U.S.C. § 1028A. JA 15-22.

Wimbush pleaded guilty to the indictment without a plea agreement. JA 32-35. The district court sentenced him to 33 months' imprisonment on Counts One,

Two, Three and Four, to run concurrently, and 24 months' imprisonment on Count Five, to run consecutively to the other counts, for a total term of 57 months' imprisonment. JA 69-75. It also sentenced him to three years of supervised release and required him to pay restitution of $284,831. *Id.*

## STATEMENT OF FACTS

### I.    The Offense Conduct

Beginning in May 2009, Wimbush and his co-defendant, Jeffrey Glenn, along with others, began a scheme to obtain unemployment insurance benefits from the North Carolina Employment Security Commission ("NCESC"). JA 85-86. They executed the scheme by registering fifteen fictitious employers through the NCESC's web site. *Id.* Then, using their own names and social security numbers, as well as the names and social security numbers of unwitting family members and others, participants in the scheme applied for unemployment benefits, claiming to be individuals who had lost employment with the fictitious employers. *Id.* at 5-6. As a result, the participants obtained unemployment benefits from the NCESC, which were paid in the form of an NSESC debit card. *Id.* Wimbush and Glenn obtained $284,831 in state and federal unemployment compensation payments through the scheme. *Id.* at 6. They used the cards to obtain cash at multiple ATMs and spent the money on drugs. *Id.* at 6-7.

2

## II.    Wimbush's Sentencing Hearing

Before sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR). JA 82-100. The PSR recommended a total offense level of 18 for Counts One through Four. *Id.* at 8. With Wimbush's criminal history level at III, the resulting Guideline range for those counts was 33 to 41 months. *Id.* at 15. By statute, Count Five required a consecutive sentence of 24 months. *Id*. Neither party objected to the PSR's calculations under the Sentencing Guidelines, and the court adopted them. JA 41.

Wimbush filed a Sentencing Memorandum asking for a total sentence of 30 months' imprisonment. JA 104-22. To reach this result, he urged the court to depart downward by one level for over-representation of his criminal history, *id.* at 112-13; to vary downward by three levels based on his serious medical conditions, *id.* at 114; to vary downward by three levels based on his drug addiction, *id.* at 116; and to vary downward an additional three levels based on the 18 U.S.C. § 3553(a) sentencing factors generally.

At sentencing, Wimbush explained that his entire criminal history consisted of two misdemeanors, and he received four criminal history points instead of two simply because he was still on unsupervised probation for one of the counts at the time he committed the federal crimes in this case. JA 42-43. Additionally, Wimbush argued to the court, both in his sentencing memorandum and at the

3

sentencing hearing, that he should receive a lower sentence because of his serious medical conditions, which include a history of four heart attacks as well as another life-threatening illness. *Id.* at 44-45. Wimbush presented his drug addiction as another reason for a downward variance. *Id.* at 45-46. He explained that all of his criminal history was the result of his drug addiction and that his family is riddled with drug addiction, with 23 family members having suffered from addiction and some of them having died from overdoses. *Id.*

With respect to the 3553(a) factors, Wimbush pointed out his 20-year work history before his addiction began, his college degree, and the fact that he has cared for and supported his children. *Id.* at 16-47. Furthermore, Wimbush was bullied while growing up and suffered the death of a close family member. *Id.* at 47. He explained to the court that the circumstances of the offense were unusual, because the victims of the identity fraud were family members, had not suffered financial losses resulting from the fraud, and were supportive of Wimbush's returning home. *Id.* Furthermore, Wimbush has suffered severe negative health consequences—heart attacks and a life-threatening disease—as the result of his participation in the offense. *Id.* at 48.

The court declined to depart or vary downward from the Guideline range. *Id.* at 55-57, 59-62. It sentenced Wimbush to the low end of the Guideline range—33

months' imprisonment—on Counts One through Four and to a consecutive 24-month prison sentence on Count Five. *Id.* at 63.

## SUMMARY OF ARGUMENT

The district court committed procedural sentencing error by failing to consider all of the arguments that Wimbush made in mitigation. The district court never addressed Wimbush's argument that the court should vary downward based on Wimbush's history of gainful employment and college education—part of his history and characteristics. This argument was pertinent to the § 3553(a) factors and to the overarching directive by Congress that courts should impose a sentence that is "not greater than necessary." 18 U.S.C. § 3553(a). Because the district court failed to "consider[] [Wimbush's] arguments," it erred. *Rita v. United* States, 551 U.S. 338, 356-59 (2007); *United States v. Diosdado-Star*, 630 F.3d 359, 364 (4th Cir. 2011).

## ARGUMENT

Congress' "overarching instruction" to sentencing courts is to "'impose a sentence sufficient, but *not greater than necessary*' to accomplish the goals of sentencing." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (quoting 18 U.S.C. § 3553(a)) (emphasis added). The goals of sentencing are "to reflect the seriousness of the offense," "to promote respect for the law," "to provide just punishment," "to afford adequate deterrence," "to protect the public," and "to

5

provide the defendant with needed" training, medical care, or treatment. 18 U.S.C. § 3553(a)(2). Sentencing courts must also consider several other factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the [guidelines] range," "any pertinent [guidelines] policy statements," and "the need to avoid unwarranted sentence disparities among [similar] defendants." 18 U.S.C. § 3553(a).

A sentencing court's application of § 3553(a) has both procedural and substantive components. Procedurally, the court must provide an individualized sentencing rationale that accounts for the § 3553(a) goals and factors and demonstrates that the court has considered the parties' sentencing arguments. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009); *see also* 18 U.S.C. § 3553(c). Substantively, it must not impose a sentence that is unreasonable in light of § 3553(a). *Gall v. United States*, 552 U.S. 38, 51 (2007). In this case, the district court committed procedural sentencing error by failing to consider all of Wimbush's sentencing arguments.

## I.    The District Court Committed Procedural Sentencing Error by Failing to Consider All of Wimbush's Arguments for a Downward Variance.

### A.    Standard of Review

This Court reviews sentencing decisions for an abuse of discretion, first examining whether the district court committed a significant procedural error in imposing the sentence under 18 U.S.C. § 3553. *United States v. Heath*, 559 F.3d

6

263, 266 (4th Cir. 2009). A district court commits procedural sentencing error by "'failing to calculate (or improperly calculating) the Guidelines range . . . , failing to consider the 3553(a) factors, . . . or failing to adequately explain the chosen sentence," including by failing to address a defendant's nonfrivolous arguments for a lower sentence. *Carter*, 564 F.3d at 328 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 51); *see also United States v. Lynn*, 592 F.3d 572, 585 (4th Cir. 2010).

### B. The Sentencing Court Must Respond to a Defendant's Arguments Concerning the § 3553(a) Factors.

A district court must provide an individualized rationale for the sentence imposed. *Gall,* 552 U.S. at 50; *Carter*, 564 F.3d at 330. This requires the sentencing court to "apply the relevant § 3553(a) factors to the specific circumstances of the case before it" and "state the individualized reasons that justify [the] sentence" it is imposing. *Carter*, 564 F.3d at 328, 330 n.2; *cf.* 18 U.S.C. § 3553(c). This statement on the record helps assure the appellate court that the sentencing court has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita*, 551 U.S. at 356-59; *Diosdado-Star*, 630 F.3d at 364.

The Supreme Court has explained that requiring a sentencing court to address the parties' arguments and to explain its sentence "promote[s] the perception of fair sentencing" and "allow[s] for meaningful appellate review" of a particular sentence. *Gall*, 552 U.S. at 50. Sentencing explanations also improve

7

sentencing practices more generally because they "can provide relevant information to both the court of appeals and ultimately the Sentencing Commission." *Rita*, 551 U.S. at 358. That information, in turn, can help sentencing practices "evolve." *Id.* at 357.

Accordingly, a district court "must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007). Courts of appeals, including this Court, have therefore "ordered resentencing in a number of cases where a district court failed to address a defendant's substantial argument in mitigation." *United States v. Gary*, 613 F.3d 706, 709 (7th Cir. 2010).

For example, in *United States v. Lynn*, 592 F.3d 572 (4th Cir. 2010), Lynn urged the district court to impose a sentence below the range prescribed by the career-offender guideline because he was only a "courier," his career-offender status was based on decades-old convictions, and imposing a lengthy career-offender sentence was unnecessary for "specific deterrence" and would create disparities between state sentences and career-offender federal sentences. *Id.* at 583. The district court failed to address those arguments and imposed a within-guidelines sentence, and this Court reversed and remanded, concluding: "[s]imply put, because there is no indication that the district court considered the defendant's nonfrivolous arguments prior to sentencing him, we must find error." *Id.* at 585.

8

**C.     The District Court Failed to Address Wimbush's Argument That His History of Gainful Employment and Education Justified a Downward Variance Sentence.**

Like the district court in *Lynn*, the district court in this case committed procedural error by failing to address each of Wimbush's arguments. At the sentencing hearing and in his sentencing memorandum, Wimbush argued that the court should vary downward in part because of his history of gainful employment and college education. JA 119-20, 45-48. Wimbush's argument was directly related to the goal of providing "just punishment." 18 U.S.C. § 3553(a)(2). While it addressed some of Wimbush's arguments for variance, the court addressed neither Wimbush's 20-year history of working in a factory and as a truck driver, nor his having obtained a community college degree despite dropping out of school as the result of bullying. JA 55-62.

The district court's explanation must demonstrate that the court "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita*, 551 U.S. at 356. While the court considered and rejected Wimbush's drug addiction and medical condition as grounds for a variance, it never addressed Wimbush's variance argument based on his educational and work history. JA 55-56. Because the sentencing court's explanation here did not demonstrate that it fully "'considered the [defendant's]

9

evidence and arguments' in fashioning its sentence," the district court committed procedural sentencing error. *Lynn*, 592 F.3d 584 (quoting *Rita*, 551 U.S. 359).

## **CONCLUSION**

This Court should vacate Wimbush's sentence and remand for further proceedings.

## **REQUEST FOR ORAL ARGUMENT**

Wimbush respectfully requests oral argument.

DATED this 7th day of February, 2013.

Respectfully submitted,

Henderson Hill, Executive Director
Federal Defenders of
Western North Carolina, Inc.

/s/ Ann L. Hester
Ann L. Hester
Assistant Federal Defender
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720

*Counsel for Appellant*

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>2,060</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

<u>/s/ Ann L. Hester</u>
Ann L. Hester

*Counsel for Appellant*

Dated: February 7, 2013

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on February 7, 2013, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF System, which will send notice of such

filing to the following registered CM/ECF users:

>Amy E. Ray
>OFFICE OF THE
>  U.S. ATTORNEY
>United States Courthouse
>100 Otis Street
>Room 233
>Asheville, NC 28801
>(828) 271-4661

>*Counsel for Appellee*

The necessary filing and service were performed in accordance with the

instructions given to me by counsel in this case.

>*/s/* Shelly N. Gannon
>Shelly N. Gannon
>GIBSON MOORE APPELLATE SERVICES, LLC
>421 East Franklin Street
>Suite 230
>Richmond, VA  23219